Bill Gunter State Treasurer and Insurance Commissioner Tallahassee
QUESTION:
May a county or municipality require the holder of a valid certificate of competency issued by the State Fire Marshal to satisfy additional qualifying criteria in order to obtain a local permit to act as fire protection systems contractor within the meaning of s. 633.021(13), F. S.?
SUMMARY:
Municipalities or counties are not empowered by law to require the holder of a valid certificate of competency issued by the State Fire Marshal to satisfy additional qualifying criteria in order to obtain a local permit to act as a fire protection systems contractor. Municipalities and counties have no home rule powers in the area of examining into or certifying the competency of fire protection systems contractors; such regulation is preempted to the state. Municipalities and counties are empowered to regulate the quality and character of work performed by certified fire protection systems contractors through a system of permits, fees, and inspections designated to secure compliance with state and local building laws or other laws for the protection of the public health and safety.
According to your letter, the Orange County Utility Department has refused to issue to a fire protection systems contractor (see s.633.021(2) and (13), F. S.) holding a valid certificate of competency issued by the State Fire Marshal a permit to do business which the contractor would be deemed qualified to perform under said certificate until the contractor appears before the Orange County Board of Review. You further state that this board may or may not require the contractor to pass a local qualifying examination as a prerequisite to obtaining a local building permit.
Chapter 633, F. S., regulates the business of contracting for fire protection systems by requiring, inter alia, a contractor of fire protection systems to apply for and acquire a certificate of competency as a fire protection systems contractor from the State Fire Marshal before such contractor can engage in contracting for fire protection systems in Florida. See ss. 633.521, 633.541, and633.554(2).
Once the certificate is duly issued, a certificate holder may engage in contracting as a fire protection systems contractor in any area of the state; and, as a prerequisite thereof, such certificate holder `shall only be required to exhibit to the local building official, tax collector, or other person in charge of the issuance of licenses and building permits in the area, evidence of holding a current certificate, accompanied by the fee for the occupational license and building permit required of other persons.' See s. 633.531, F. S. Any official authorized to issue building or other related permits is required to ascertain that the applicant contractor is duly certified before issuing such permit, but the evidence thereof shall consist only of the exhibition to such official of current evidence of certification by the State Fire Marshal under ch. 633, supra. See s. 633.551(3). Each county and municipal building department is to be advised before September 1 of each year of the names of the certified contractors and the status of the certificates. Section633.551(4). The State Fire Marshal, through appropriate statewide examinations and other qualifying criteria, is the only official empowered to regulate and determine the competency of contractors of fire protection systems who engage in contracting, as fire protection systems contractors, in any area of the state. See s.633.521. Chapter 633 makes no provision whatever for a county or municipality, or agency thereof, to impose any additional qualifying examination or other competency criteria on such contractors before they may engage in the business of contracting for fire protection systems.
Chapter 633, F. S., does not limit the power of a county or municipality to regulate the quality and character of workperformed by fire protection systems contractors through a system of permits, fees, and inspections designed to secure compliance with state and local building laws. Section 633.551(1). Nor does it limit their power to adopt a system of permits requiring submission to and approval by the county or municipality of plans and specifications for work to be performed by such contractors before commencement of the work. Section 633.551(2). Section633.551, however, does not authorize or permit a county or municipality or their respective building officials to anywise license or examine into or certify the competency of fire protection systems contractors. This aspect of the regulation of such contractors is by law committed to and within the exclusive jurisdiction of the State Fire Marshal, as prescribed by ch. 633. Moreover, part VI of ch. 553, F. S., the `Florida Building Codes Act,' which requires local governments to adopt, by January 1, 1978, building codes, including fire prevention codes, pursuant to one of the State Minimum Building Codes provided for in that act, authorizes such local governments to require persons who `construct, erect, alter, repair or demolish any building' to obtain a permit therefor from the appropriate enforcing agency and to pay such reasonable fees as may have been adopted by such enforcing agency. See ss. 553.73 and 553.79. Thus, through a system of permits, fees, and inspections, local governments are empowered to determine the manner in which fire protection systems contractors are to perform their work and the quality of materials used for the protection of public health and safety. However, nothing in part VI of ch. 553 authorizes or places any responsibility on counties or municipalities to certify, regulate, or determine the competency of contractors of fire protection systems. Cf. AGO's 073-27, 073-143, and 073-399. In AGO 073-27, my predecessor concluded that counties and municipalities were precluded from regulating and examining for competency electricalcontractors who had been issued a certificate of competency by the State Board of Electrical Contractors because that area had been preempted to the state. That opinion stated, as a basis for its conclusion, that the language of s. 468.184(6), F. S. *3883 1973 (this subsection has been repealed (see Ch. 79-272, Laws of Florida); however, s. 489.511(6), F. S., contains the identical language of s. 468.184(6), supra), made it clear that the presentment (to local officials) of a certificate issued by the board accompanied by the proper fee for the occupational license and permit would be the only additional requirement for engaging in business in any part of the state. In both AGO's 073-143 and 073-399, it was concluded, inter alia, that counties and municipalities, pursuant to s. 468.106(6), F. S. 1973, had no authority or home rule powers to determine, regulate, or examine for competency building contractors who have been issued certificates of competency from the Florida Construction Licensing Board because the language of s. 468.106(6) evinced a legislative intent to preempt that area to the state. However, as expressed in those opinions, counties and municipalities, pursuant to s. 468.113, F. S. 1973, retained the regulatory function of approving plans the specifications with regard to the quality and character of work performed and the authority to exact fees for inspections, permits, and licenses. (Sections 468.106(6) and 468.113 have been repealed (see Ch. 79-200, Laws of Florida); however, the identical language of ss. 468.106(6) and 468.113 is now found in ss.489.113(4) and 489.131, F. S.) Examination of the language of ss.489.511(6) and 489.113(4) (providing that electrical contractors and building contractors, respectively, once certified by the appropriate state agency, need only present an exhibition of such certificate to local authorities to engage in business), shows that both provisions are substantially similar, if not identical, to s. 633.531; and the language of s. 489.537 and s. 489.131, F. S., relating to the regulatory powers retained by counties and municipalities over electrical contractors and construction contractors, respectively, is substantially similar, if not identical, to the language found in s. 633.551. Thus, the rationale of the aforecited Attorney General Opinions applies with equal force to fire protection systems contractors. The essential and material terms of ch. 663 evince a legislative intent that the area or field of examining into and certifying the competency of fire protection systems contractors is preempted to the state; and, although counties and municipalities do retain regulatory powers or functions over certain aspects of the work performed by such contractors, they are precluded from, and therefore have no home rule powers in the area of examining into or certifying the competency of fire protection systems contractors.
Prepared by: John W. Williams, Assistant Attorney General